# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

_____

ROBERT ERIC ANTHON,

       Plaintiff,

    v.                                     Case No. 09-CV-975

DEPARTMENT OF VETERANS AFFAIRS,
Office of Inspector General, and
ERIC SHINSEKI,

       Defendants.

_____

## ORDER

On October 13, 2009, plaintiff Robert Eric Anthon ("Anthon") filed a pro se Complaint against defendants. (Docket #1). Plaintiff then filed a Motion for Leave to Proceed in forma pauperis. (Docket #2).

The federal in forma pauperis statute, 28 U.S.C. § 1915, is designed to ensure indigent litigants meaningful access to the federal courts. *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). To authorize a litigant to proceed in forma pauperis ("IFP"), the court must first determine that the litigant is unable to pay the costs of commencing the action. 28 U.S.C. § 1915(a). Second, the court must determine that the action is neither frivolous nor malicious, does not fail to state a claim, and does not seek money damages against a defendant immune from such relief. 28 U.S.C. § 1915(e)(2).

Based upon plaintiff's IFP form – an affidavit in which he declares his assets and income under penalty of perjury – the court determines the plaintiff is unable to

pay the costs of commencing this action.  In plaintiff's IFP form, he states that he has

not been employed since January of 2002, he has very little savings, and his

expenses outstrip his sole source of monthly income (disability benefits, which it

would seem have recently been discontinued).  Accordingly, it appears that Anthon

is unable to pay the costs of commencing this action.  However, the court finds that

the action fails to state a claim.

Anthon names two defendants: the Department of Veterans Affairs ("VA"),

Office of the Inspector General, and Eric Shinseki, the Secretary of Veterans Affairs.

Though Anthon's complaint does not state as much, the court notes that Secretary

Shinseki is being sued in his official capacity.  *See Atkinson v. O'Neil*, 867 F .2d 589,

590 (10th Cir.1989) ("When an action is one against named individual defendants,

but the acts complained of consist of actions taken by defendants in their official

capacity as agents of the United States, the action is in fact one against the United

States.").

Anthon's complaint fails to state a claim because he has failed to allege any

illicit action on the part of the VA.  He states in his complaint that he heard from

some people that the VA was engaging in unethical investigative practices; however,

nowhere does he state that he was the victim of such practices.  Additionally, Anthon

states that he is suspicious of the "Investigative Summary" report that the VA

supplied him with, but nowhere does he allege any actual violations of anything.

Anthon does toss the words "due process" about in his complaint; however, the mere

mention of the phrase "due process" is not sufficient to state a claim. Additionally, to the extent that Anthon is attempting to challenge the VA's benefits determination, or the manner in which the VA implements its rules, pursuant to 38 U.S.C. § 511(a) such issues may not be raised in the district court. *See Murrhee v. Principi*, 364 F. Supp. 2d 782, 787 (C.D. Ill. 2005) (providing a detailed description and analysis of § 511(a), and its precursor, § 211(a), as well as of applicable Supreme Court and Seventh Circuit case law). This is not to say that a plaintiff seeking review of a VA benefits decision, or seeking to challenge the constitutionality of the VA's procedures, has no recourse; it is simply to say that such recourse is not available in a district court. Rather, "[c]laimants may first appeal to the Board of Veterans' Appeals (38 U.S.C. § 7104(a)), then to the Court of Appeals for Veterans' Claims (38 U.S.C. § 7252(a)), to the Federal Circuit (38 U.S.C. § 7292(c)), and ultimately to the Supreme Court ([38 U.S.C. § 7292(c)])." *Murrhee*, 364 F. Supp. 2d at 788.

Because Anthon's complaint does not allege any illicit action on the part of the VA, it fails to state a claim for which relief may be granted. To the extent that Anthon's claim seeks to challenge a benefits decision or the VA's conduct, the court does not have subject matter jurisdiction over such a claim. For these reasons, the court is obliged to deny Anthon's request to proceed in forma pauperis, and the court must dismiss this action pursuant to 28 U.S.C. 1915(e)(2).

Accordingly,

Case 2:09-cv-00975-JPS   Filed 11/04/09   Page 3 of 4   Document 4

**IT IS ORDERED** that plaintiff's Motion for Leave to Proceed in forma pauperis

(Docket #2) be and the same is hereby **DENIED**; and

**IT IS FURTHER ORDERED** that this action be and the same is hereby

dismissed for failure to state a claim upon which relief may be granted.

The clerk of the court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 4th day of November, 2009.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge

-4-